# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNDONG XIE,<br><br>                  Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, warden of Otay Mesa Detention Center, et al.,<br><br>                  Respondents. | Case No.: 3:26-cv-00529-RBM-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**[Doc. 1]** |

      Pending before the Court is Petitioner Yundong Xie's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner claims he has been detained by United States Immigration and Customs Enforcement ("ICE") since January 5, 2025 in violation of the Fifth Amendment's Due Process Clause. (*Id.* ¶¶ 1, 32–42.)[1]  For the reasons set forth below, the Petition (Doc. 1) is **GRANTED**.

---

[1] The Court cites the paragraph numbers of the Petition and the CM/ECF electronic pagination for other citations unless otherwise noted.

## I. BACKGROUND

### A. Factual Background

Petitioner, a citizen of China, entered the United States seeking asylum "pursuant to a CBP One appointment on January 5, 2025." (Doc. 1 ¶¶ 16, 18.) He was transferred to the Otay Mesa Detention Center on January 6, 2026, where he remains in detention. (*Id*. ¶ 18.) Upon his arrival at the Otay Mesa Detention Center, Petitioner received a credible fear interview at which an asylum officer determined he had a credible fear of persecution. (*Id*. ¶ 19; Doc. 4 at 4–5.) Petitioner was issued a Notice to Appear on February 3, 2025, which commenced his removal proceedings. (Doc. 1 ¶ 19; Doc. 4 at 2.)

Petitioner's first master calendar hearing took place on February 13, 2025. (Doc. 1 ¶ 21(a).) That same day, "Petitioner requested a continuance to find an attorney." (Doc. 4 at 2.) Another master hearing was held on April 7, 2025, at which Petitioner requested a "2-month continuance to file his relief application." (*Id*.; *see* Doc. 1 ¶ 21(c).) At the next hearing on June 11, 2025, Petitioner requested another continuance to file his relief application. (Doc. 4 at 2.)

On June 25, 2025, Petitioner filed an asylum application. (Doc. 1 ¶ 22.) His "individual hearing was [then] set for September 26, 2025." (*Id*. ¶ 20.) However, Petitioner's counsel was unable to attend the individual hearing due to illness and the hearing was reset to January 2, 2026. (*Id*.) "In December [2025], this was cancelled and a new master calendar [hearing] was set for January 6, 2026." (*Id*.) At that master calendar hearing, "a new individual hearing was set for May, 20, 2026." (*Id*. ¶¶ 20, 23.)

### B. Procedural Background

On January 27, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.) The Honorable Cathy Ann Bencivengo issued an Order to Respond and set a briefing schedule. (Doc. 2.) On February 6, 2026, Respondents filed a Response to the Petition. (Doc. 4.) The action was transferred to the undersigned on February 9, 2026. (Doc. 5.) Petitioner filed a Traverse on February 10, 2026. (Doc. 6.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

The Parties agree that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (*See* Doc. 4 at 4–5; Doc. 6 at 2–5.) Respondents contend that § 1225(b) "mandates [Petitioner's] detention until the proceedings have concluded." (Doc. 4 at 5.) Respondents further contend that "even if the Court infers a constitutional right against prolonged mandatory detention, Petitioner's claim still fails." (*Id.* at 7.) Petitioner argues he "is entitled to due process protections beyond those provided by statute" and that his "prolonged detention without an individualized bond hearing violates substantive due process." (Doc. 6 at 2–14.)[2]

**A. Due Process**

Respondents argue that the Supreme Court "addressed the due process rights of

---

[2] Respondents also argue that the Court lacks jurisdiction under 8 U.S.C. § 1252(g). The Court has consistently rejected this argument and does so again for the same reasons. *See Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025). Petitioner challenges his continued detention without a hearing as unlawful and in violation of the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 14, 42.) Petitioner is therefore enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

3

inadmissible arriving noncitizens seeking initial entry into the United States" and "stated that such individuals have no due process rights 'other than those afforded by statute.'" (Doc. 4 at 6 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)).)

This Court has rejected Respondents' due process argument and "join[ed] the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." *Malyshko v. Warden, Otay Mesa Det. Ctr.*, Case No.: 3:26-cv-00069-RBM-SBC, 2026 WL 252367, at *4 (S.D. Cal. Jan. 30, 2026) (quoting *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)); *Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *2 (S.D. Cal. Jan. 27, 2026) (quoting the same); *Zhakuov v. Noem*, Case No. 3:26-cv-00288-RBM-DDL (S.D. Cal. Feb. 25, 2026), ECF No. 13 at 4 (same). The Court adopts its reasoning in those cases and applies it here. For those same reasons, the Court concludes that an unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process.

**B.    Prolonged Detention**

To determine whether § 1225(b) detention has become unreasonable, the Court considers:

> (1) total length of detention to date; (2) likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Kydyrali*, 499 F. Supp. 3d at 773 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019)).[3]

---

[3] Respondents rely on the framework set forth in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). (Doc. 4 at 8.) However, the *Lopez* court applied the outlined factors in the § 1226 context. *See Lopez*, 631 F. Supp. 3d at 879. The Court notes that the factors set forth above share significant overlap with the *Lopez* factors, and the Parties have adequately briefed them.

First, "the length of detention . . . is the most important factor." *Banda*, 385 F. Supp. 3d at 1106. This factor weighs in favor of Petitioner because Petitioner has been detained for more than 13 months. *See Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases and finding that a nearly 13-month detention weighed in favor of the petitioner); *see also Sibomana v. LaRose*, Case No.: 3:22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) ("In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.") (citation omitted).

The second factor, the likely duration of future detention, also weighs in favor of Petitioner. Petitioner claims he has reason to anticipate significant future detention because his removal proceedings will likely be pending for a substantial amount of time. (Doc. 6 at 14.) Petitioner states that his individual hearing, currently set for May 20, 2026, "will have to be reset with another four to six months wait" because the proceeding will take much longer than the allotted two hours. (*Id*. at 13–14; Doc. 1 ¶ 1.) Regardless of the outcome of his individual hearing, Petitioner cannot be removed until his asylum application is adjudicated and an order of removal becomes final. *See Sadeqi v. LaRose*, —F. Supp. 3d —, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025) (finding "detention for over 11 months without a bond hearing" violated due process where, among other reasons, the petitioner's asylum application remained pending).

As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Petitioner is detained at the Otay Mesa Detention Center, which several courts have found is "indistinguishable from penal confinement." *Kydyrali*, 499 F. Supp. 3d at 773 (citation omitted); *see Abdul*, 2025 WL 2932654, at *5. This factor also weighs in Petitioners' favor.

The fourth and fifth factors concern delays in the removal proceedings caused by Petitioner and the Government, respectively. The Court notes that Petitioner's immigration case has been "pending before the agency for over [thirteen] months—well beyond the

5

average completion time for removal proceedings in a detained case." *See Kydyrali*, 499 F. Supp. 3d at 773 (citing *Demore v. Kim*, 538 U.S. 510, 529 (2003)).) Petitioner's counsel was unable to attend his first individual hearing due to illness, which extended the timeline by three months. (*See* Doc. 1 ¶ 1.) His individual hearing was reset for January 2, 2026, but then cancelled by Respondents. (Doc. 6 at 9.) A master calendar hearing was subsequently set for January 6, 2026. (Doc. 1 ¶ 1.) At that master calendar hearing, a new individual hearing was set for May, 20, 2026. (Doc. 1 ¶ 1.) Respondents argue that Petitioner caused several delays because he requested several continuances to file his relief application. (Doc. 4 at 2.) But "a petitioner's pursuit of defenses to removal should not be held against a determination that they are entitled to due process." *Bayani v. LaRose*, No. 26-CV-0266-JES-VET, 2026 WL 194748, at *3 (S.D. Cal. Jan. 26, 2026). The Court therefore finds the fourth and fifth factors are neutral. *See id.* (noting "that detainees require the assistance of counsel to effectively raise defenses to removal in immigration cases, and that counsel requesting continuances for illness is common"); *Abduraimov v. Andrews*, Case No. 1:25-cv-00843-EPG-HC, 2025 WL 2912307, at *9 (E.D. Cal. Oct. 14, 2025) (finding the factor concerning delays by the petitioner and the government was neutral where the petitioner "received two continuances in immigration court while the government prolonged proceedings further by exercising its right to file an appeal with the BIA.").

      Lastly, "[i]n considering the 'likelihood that the removal proceedings will result in a final order of removal,' the Court considers 'whether the noncitizen has asserted any defenses to removal.'" *Abdul Kadir*, 2025 WL 2932654, at *5 (quoting *Banda*, 385 F. Supp. at 1120). In this case, Petitioner received a positive credible fear determination and his asylum application remains pending. (Doc. 1 ¶ 19; Doc. 4 at 2, 4–5.) "[G]iven the credible fear determination, [it is] not likely that he will be removed." *Khorsheed v. Larose*, No. 25cv3346-BTM-KSC, 2025 WL 3638141, at *3 (S.D. Cal. Dec. 15, 2025). The sixth factor weighs in favor of Petitioner.

      Four of the six factors, including the most important one, weigh in Petitioner's favor.

The Court finds that Petitioner's detention under § 1225(b) has become unreasonably prolonged and due process therefore requires that he be provided with a bond hearing. Accordingly, the Petition is **GRANTED**.[4]

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioners before an immigration judge within **ten (10) days** of entry of this Order to determine whether their continued detention is warranted.

2. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioners pose a danger to the community or a risk of flight.[5]

3. Respondents are **ORDERED** to file a Notice of Compliance within ten (10) days of providing Petitioner with a bond hearing, including apprising the Court of the results of that hearing.

4. If no hearing occurs within ten (10) days of entry of this Order, Petitioner shall be released from Respondents' custody.

**IT IS SO ORDERED**.

DATE: February 27, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[4] Petitioner's request for an order directing his release is therefore **DENIED**.

[5] This relief has been granted in similar matters. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089 (E.D. Cal. 2025); *Sadeqi*, 2025 WL 3154520, at *4; *Abdul Kadir*, 2025 WL 2932654, at *6.